IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01018-PAB

KENNETH L. SMITH,

    Plaintiff,

v.

STEPHEN H. ANDERSON, et al.,

    Defendants.

**ORDER**

This matter is before me on plaintiff Kenneth L. Smith's motion for relief pursuant to 28 U.S.C. § 292 [Docket No. 5] and motion for recusal [Docket No. 28]. Plaintiff's complaint [Docket No. 1] names as defendants a number of judges of the Tenth Circuit Court of Appeals and this District. Plaintiff's complaint also names as a defendant "Judge Doe 21," whom he describes as "the judge expected to preside over any proceedings ordered by this Court in the event of [Chief] Judge Daniel's likely recusal." Complaint ¶ 30. Review of other allegations included in the Complaint and various other papers filed by plaintiff suggests that Mr. Smith named "Judge Doe 21" to trigger the recusal of the judge to whom this matter is assigned. *See, e.g.*, Compl. at 26, ¶¶ 136-42 & 41-42, ¶¶ 196-97 (describing his efforts to seek recusal of the presiding judge in a prior case on grounds that, if accepted, would have required recusal of any judge in this circuit); Pl.'s Mot. for Relief Pursuant to 28 U.S.C. § 292 ("Pl.'s § 292 Mot.") (seeking assignment of the case to a judge from outside the Tenth Circuit).

Now that the case has been assigned to me, plaintiff argues in his motion that I must recuse myself. Section 455(a) of Title 28 of the United States Code states that a judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(5)(i) states that a federal judge shall disqualify himself in circumstances where he is a party to the proceeding in question.

Contrary to plaintiff's request, section 455 does not require recusal in this case. Section 455 must be read in light of a judge's "duty to sit" on cases filed with the court. *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000). Moreover, under the "'rule of necessity,' a judge is qualified to decide a case even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'" *Id.* at 1258 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)). Plaintiff's naming of "Judge Doe 21" as the "judge expected to preside over any proceedings ordered by this Court in the event of Judge Daniel's likely recusal" has the effect of naming as a defendant any district judge assigned to this case. Under these circumstances, "Judge Doe 21," the judge assigned to hear this case, has no duty to recuse himself. In light of this ruling, plaintiff's motion for relief pursuant to 28 U.S.C. § 292 [Docket No. 5], which seeks reassignment of this case to a judge outside the Tenth Circuit, is also denied.

Therefore, it is

**ORDERED** that plaintiff's motion for recusal [Docket No. 28] is DENIED. In light of the foregoing, it is further

**ORDERED** that plaintiff's motion for relief pursuant to 28 U.S.C. § 292 [Docket No. 5] is DENIED.

DATED November 18, 2009.

              BY THE COURT:

              s/Philip A. Brimmer
              PHILIP A. BRIMMER
              United States District Judge