IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01018-PAB

KENNETH L. SMITH,

      Plaintiff,

v.

STEPHEN H. ANDERSON, et al.,

      Defendants.

---

**ORDER**

---

      This matter comes before the Court on defendants' motions to dismiss [Docket Nos. 7, 11] plaintiff's complaint ("Compl.") [Docket No. 1]. The motions have been fully briefed and are ripe for disposition.

## I. MOTIONS TO DISMISS

     A. Standard of Review

      Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. When there is a "facial attack on the complaint's allegations as to subject matter jurisdiction," the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995). However, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

      Dismissal of a claim under Rule 12(b)(6) is appropriate where the plaintiff fails to

state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  For a complaint to state a claim it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. (8)(a)(2).  Rule 8(a)'s "short and plain statement" mandate requires that a plaintiff allege enough factual matter that, taken as true, makes his "claim to relief . . . plausible on its face."  *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007).  At the same time, however, a court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly,* 550 U.S. at 555) (omission marks omitted).  The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson,* 534 F.3d at 1286.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson,* 534 F.3d at 1286 (alteration marks omitted).

B.  Discussion

Plaintiff's complaint raises two claims for relief.  In the first, he seeks the removal of defendant judges from their positions on the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Colorado.  He attempts to invoke Section 1 of Article III of the Constitution, which provides that "judges, both of the supreme and inferior courts, shall hold their offices during good behaviour." U.S. Const., art. III, § 1.  Removing judges from office, however, is the sole province of Congress.  U.S. Const., art. I, §§ 2, 3.  While an individual may file a complaint alleging judicial misconduct with the clerk of the appropriate court of appeals, *see* 28 U.S.C. § 351(a), the judicial branch is not empowered to remove a judge from office.  *See* 28 U.S.C. § 354(a)(3)(A) ("Under no circumstances may the judicial council order removal from office of any judge appointed to hold office during good behavior."). Again, only Congress may do so.  *Cf.* 28 U.S.C. § 355(b)(1).  In short, this Court lacks

the power to act in the fashion plaintiff's complaint requests.[1]

In his second claim for relief, plaintiff claims the authority to proceed as a private attorney general to act on behalf of the United States to initiate a criminal prosecution. The Court disagrees.  As plaintiff cites in his complaint, Section 519 of Title 28 of the United States Code clearly provides that:

> Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.

Plaintiff contends that the authority to act as a private attorney general is authorized "pursuant to powers reserved under the Ninth and Tenth Amendments."  Compl. at 48-49, ¶ 259.  The Court finds no basis for this claim.[2]  Furthermore, to the extent plaintiff seeks to represent the general interest of the public in the functioning of the judicial system, he lacks standing to do so.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("An interest shared generally with the public at large in the proper

---

[1]Plaintiff also requests issuance of a writ of *scire facias*.  *See, however*, Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished.  Relief previously available through them may be obtained by appropriate action or motion under these rules.").

[2]*See Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights; rather, it provides a 'rule of construction' that we apply in certain cases.") (citations omitted); *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004) ("In *Mountain States Legal Foundation v. Costle*, 630 F.2d 754, 761 (10th Cir. 1980), we held that private plaintiffs do not have standing to bring Tenth Amendment claims when their interests are not aligned with the state's interests."); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991) ("[T]he ninth amendment does not confer substantive rights in addition to those conferred by other portions of our governing law.").

application of the Constitution and laws will not do.").[3]

## II.  FILING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1651(a)

In their motion to dismiss [Docket No. 7], the District Court and Federal Appellate

Defendants have requested that the Court impose filing restrictions upon plaintiff.  "A

district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the

court system by harassing their opponents."  *Tripati v. Beaman,* 878 F.2d 351, 352

(10th Cir. 1989) (collecting cases).  Furthermore, "[f]ederal courts have the inherent

power to regulate the activities of abusive litigants by imposing carefully tailored

restrictions in appropriate circumstances."  *Andrews v. Heaton*, 483 F.3d 1070, 1077

(10th Cir. 2007) (citing *Sieverding v. Colo. Bar Ass'n.*, 469 F.3d 1340, 1343 (10th Cir.

2006)); *see Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998);

*Tripati*, 878 F.2d at 352.  The nature of plaintiff's claims and pleadings in this case and

other cases he has filed constitute appropriate circumstances.

Plaintiff has a long history of filing lawsuits.  As noted in *Smith v. Mullarkey*, 121

P.3d 890, 891 (Colo. 2005), the Colorado Supreme Court "issued an order denying Mr.

Smith's application [for admission to the Colorado bar] on January 13, 2000.  Mr. Smith

did not seek certiorari review of that decision with the United States Supreme Court."

Plaintiff then "filed a series of lawsuits, first in federal district court and then in Denver

District Court.  In those actions, he challenged the denial of his application for

admission under 42 U.S.C. § 1983, as a violation of his First, Fourth and Fourteenth

Amendment rights."  *Id.* at 891.  The Colorado Supreme Court in *Smith v. Mullarkey*

---

[3]Having so found, the Court does not reach defendants' other arguments for
dismissal.

affirmed the Denver District Court dismissal of Mr. Smith's claims for lack of subject matter jurisdiction. *See id.* at 893 ("The Colorado Supreme Court's order denying admission . . . became final when the time for filing a petition for writ of certiorari expired.").

Mr. Smith's first federal lawsuit was apparently the same suit he had brought in Denver District Court, wherein he sued the Colorado Bar of Law Examiners and the Justices of the Colorado Supreme Court. *See Smith v. Mullarkey*, 00-cv-02225-EWN-OES. The district court dismissed the case, *see* Docket No. 32, 00-cv-02225-EWN-OES; the Tenth Circuit affirmed the dismissal; and the United States Supreme Court denied review. On June 14, 2004, Mr. Smith filed two more federal cases, *Smith v. United States Court of Appeals for the Tenth Circuit*, 04-cv-01222-REB-OES, and *Smith v. Mullarkey*, 04-cv-01223-REB-OES, both of which "stemm[ed] from the denial of his application for admission to the Colorado bar." *Smith v. United States Court of Appeals for the Tenth Circuit*, 484 F.3d 1281, 1283 (10th Cir. 2007). The district court dismissed both cases, and the Tenth Circuit affirmed the consolidated dismissals on appeal. *See id.* The United States Supreme Court denied certiorari.

On September 12, 2007, Mr. Smith filed *Smith v. Bender*, 07-cv-01924-MSK-KMT, again suing the Justices of the Colorado Supreme Court. The district court dismissed the case, and the Tenth Circuit affirmed on September 11, 2009. During the pendency of that action, Mr. Smith filed *Smith v. Krieger, et al.*, 08-cv-00251-CMA-KMT, where he sued United States District Judge Marcia S. Krieger, who was then presiding over *Smith v. Bender.* In that case, "[p]laintiff challenge[d] his treatment by the state

6

and federal courts in his earlier lawsuits, and br[ought] claims for violation of his Fifth and Fourteenth Amendment rights to due process, his Fifth and Fourteenth Amendment rights to equal protection, and his First Amendment right of access to the courts." *Smith v. Krieger*, No. 08-cv-00251-CMA-KMT, 2009 WL 2407643, at *1 (D. Colo. Aug. 3, 2009).  The district court granted the defendants' motions to dismiss, and plaintiff filed a notice of appeal on November 6, 2009.

During the pendency of *Smith v. Krieger*, Mr. Smith filed this case against certain judges of the United States District Court for the District of Colorado and the United States Court of Appeals for the Tenth Circuit, seeking their removal from office and asserting the right to act as a private attorney general to prosecute them criminally for, essentially, their rejection of his prior claims.  While this action was still pending, Mr. Smith filed *Smith v. Arguello*, 09-cv-02589-PAB, suing United States District Judge Christine M. Arguello, who dismissed his lawsuit in *Smith v. Krieger*, as well as various other federal judges of the Tenth Circuit and this District who presided over the aforementioned lawsuits and appeals.  On October 6, 2009, Mr. Smith filed suit in the United States District Court for the District of Columbia.  That case is apparently related to the two pending cases in this District.  *See* Pl.'s Notice of Related Litigation and Motion for Stay of All Proceedings [Docket No. 38].  In summary, plaintiff has persisted in filing new causes of action despite the prior adjudication of related complaints.

Mr. Smith has also shown a penchant for making duplicative arguments.  For example, in this case, he has filed a 104-page Emergency Ex Parte Motion for Relief in the Nature of Mandamus [Docket No. 2], Emergency Motion for Declaratory Relief [Docket No. 17], and Second Emergency Motion for Declaratory Relief [Docket No. 18],

7

which all raise the same arguments that are found in his complaint and responses to the motions to dismiss.

Furthermore, plaintiff's submissions have become increasingly abusive. In at least one prior case in this Court, as well as in the two cases still pending before this Court, Mr. Smith suggests that violence against federal judges may be justified if a litigant, such as himself, does not get the relief he requests. *See, e.g.*, Pl.'s Resp. to Defs.' Mot. to Dismiss [Docket No. 12] at 6; Pl's Emergency Ex Parte Motion for Declaratory and/or Injunctive Relief in No. 09-cv-02589-PAB [Docket No. 5] at 8-10, 13-14; Order to Seal Pl.'s Mot. to Alter or Amend J. in No. 08-cv-00251 [Docket No. 113] (sealing filing "due to its inflammatory statements"). Mr. Smith's abusive language has not been confined to this Court. The Tenth Circuit Court of Appeals has warned Mr. Smith about his "frivolous and irrelevant arguments and tirades." *Smith v. Bender*, No. 09-1003, 2009 WL 2902563, at *4 (10th Cir. Sep. 11, 2009) ("His briefs also contain scurrilous allegations and personal attacks regarding alleged wrongdoing by the named Justices of the Colorado Supreme Court and the district judge. We admonish and warn Mr. Smith that if he files future appeals in this court containing similar unsupported claims, allegations, or personal attacks, we will not hesitate to impose hefty sanctions and filing restrictions in order to curb his abusive and disrespectful litigation practices."). Despite that clear warning, plaintiff persists in bringing lawsuits arising out of the same set of circumstances.

While Mr. Smith's requests for relief have to some extent evolved with each new lawsuit, his cases all stem from his underlying failure to be admitted to the Colorado

8

bar.[4]  He has turned from filing lawsuits over that denial to bringing actions against the

judicial officers who dismissed his last lawsuit or appeal.  There will be no end if plaintiff

is permitted to continue filing actions that argue that a failure to receive his desired

outcome in a lawsuit is grounds for filing yet another.

Therefore, the Court will impose prospective filing restrictions on Mr. Smith.  The

filing restrictions will be "narrowly tailored, at least in the first instance."  *Andrews*, 483

F.3d at 1077.  Mr. Smith will not be permitted to file new actions in this Court without the

representation of a licenced attorney admitted to practice in the District of Colorado.

The requirement that he have such counsel will be lifted only if he has obtained

permission from this Court to proceed pro se.  In order to obtain such permission, he

must take the following steps:

1.  File a motion with the clerk of this Court requesting leave to file a pro se case;

2.  The motion for leave to proceed pro se must include a list, by case name,

number, and citation where applicable, of all proceedings currently pending or

filed previously in this Court, with a statement indicating the nature of his

involvement in, and the current status or disposition of, each proceeding.

3.  The motion for leave to proceed pro se must identify the legal issues that the

_____

[4]*Cf. Winslow v. Romer*, 759 F. Supp. 670, 678 (D. Colo. 1991) ("A review of
these actions indicates that nearly every one can be traced, directly or indirectly, to the
Morgan County case.  By filing repetitive, often frivolous pleadings, Winslow
demonstrates his failure to comprehend fundamental principles of jurisdiction, stare
decisis and res judicata.  Winslow's filings are many times incorrect in procedure and
form, and he often attempts to evade the court's final ruling on a matter by filing multiple
motions for reconsideration.  Once having commenced an action, he seeks to expand
the proceedings to include matters outside the scope of the original complaint and,
often, outside the court's jurisdiction.").

proposed new complaint raises and whether he has raised these issues in other

proceedings in this Court.  If so, he must cite the case number and docket

number where such legal issues have been previously raised.

If Mr. Smith files a pro se action without permission of this Court to do so, it will be

summarily dismissed.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' motions to dismiss [Docket Nos. 7, 11] are

GRANTED.  Plaintiff's claims are dismissed with prejudice.  It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendants

and against plaintiff.  Defendants may have their costs by filing a bill of costs pursuant

to Local Rule 54.1.  It is further

**ORDERED** that plaintiff's Emergency Ex Parte Motion for Relief in the Nature of

Mandamus [Docket No. 2], Emergency Motion for Declaratory Relief [Docket No. 17],

and Second Emergency Motion for Declaratory Relief [Docket No. 18] are DENIED.  It

is further

**ORDERED** that plaintiff's Ex Parte Motion for Taking of Judicial Notice [Docket

No. 3], Emergency Motion for Service by United States Marshal [Docket No. 37], and

Notice of Related Litigation and Motion for Stay of All Proceedings [Docket No. 38] are

denied as moot.  It is further

**ORDERED** that defendants' motions to stay [Docket Nos. 8, 15] are denied as

moot.  It is further

**ORDERED** that plaintiff's motion for extension of time to file a response [Docket No. 9] is deemed moot in light of the Court's acceptance of the relevant filing on October 13, 2009 [Docket No. 12].  It is further

**ORDERED** that, in light of plaintiff's representation to the Court that he will be out of the country until December 19, 2009 [Docket No. 46], plaintiff shall have until January 5, 2010 to file written objections to the proposed filing restrictions; such objections shall be limited to 15 pages.  In the absence of timely objections, the restrictions shall take effect on January 15, 2010.  If plaintiff does file timely objections, the restrictions shall not take effect until the Court rules on the objections or January 15, 2010, whichever is later.  Nothing in this Order shall be construed as preventing plaintiff, in compliance with Federal Rule of Civil Procedure 11(b), from filing or responding to any motions in the pending case *Smith v. Arguello, et al.*, No. 09-cv-02589-PAB.  It is further

**ORDERED** that the motion for sanctions [Docket No. 42] is DENIED as moot in light of the foregoing.  It is further

**ORDERED** that the motion to seal [Docket No. 40] is GRANTED in light of the filing's inclusion of materials from a sealed document in a now-closed case in this Court.  It is further

**ORDERED** that any other pending motions are denied as moot.

DATED November 19, 2009.

BY THE COURT:


s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge